RYDER, Judge,
dissenting.
I respectfully dissent. I do not believe Sibley and others in his position should be left to the whims of a state attorney to decide whether to prosecute someone who has acted in violation of section 440.-37(l)(b). I do not believe Sibley or others in his position are restricted to act only when and if there is a criminal adjudication of guilt under section 440.37(2)(c).
A citizen’s right to recourse and access to the courts for civil tort committed outside the contemplation of the Worker’s Compensation Act would be thoroughly “chilled” if not frozen if the majority’s view were to be accepted.
In these days of high crime, and, perhaps before, I fear prosecution under section 440.37 would rank below a friendly card game on a state attorney’s scale of how to use his thinly stretched troops in the prosecution of alleged crimes.
The burden of proof in criminal cases far exceeds that required in civil cases and to require a criminal adjudication of guilt before an independent civil tort action for actions not arising out of or in the course of one’s employment was not within the contemplation of the legislature when it addressed chapter 440. I would allow access to the courts for civil redress of a wrong unencumbered by the prerequisite perceived by the majority.